Desiree M. Gargano, Esq.
Douglas E. Rowe, Esq.
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue
East Meadow, New York 11554
(516) 296-7000
dgargano@certilmanbalin.com
drowe@certilmanbalin.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

STEVEN TILCHEN,

                              Plaintiff,

      -against-

CEMD ELEVATOR CORP. d/b/a CITY ELEVATOR,
MITCHELL HELLMAN and KONE INC.,

                           Defendants.

-----------------------------------------------------------------------x

Index No.:

**VERIFIED COMPLAINT**

**Jury Trial Demanded**

Plaintiff STEVE TILCHEN (hereinafter "Tilchen" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint in this action against CEMD ELEVATOR CORP. d/b/a CITY ELEVATOR (hereinafter "City Elevator"); MITCHELL HELLMAN (hereinafter "Hellman"), and KONE INC. (hereinafter "Kone") (collectively referred to as the "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.     This lawsuit seeks to recover unpaid wages/commissions, unpaid overtime compensation and wages unlawfully deducted and/or withheld from Plaintiff by Defendants.

2.     Plaintiff brings this action in response to Defendants' violations of the Federal Labor Standards Act of 1938 (hereinafter "FLSA"), as amended, 29 U.S.C. §201, *et seq.*, the

New York State Labor Law (hereinafter "NYLL") §§ 190 *et seq.* and other appropriate rules, regulations, statutes and ordinances.

3.      Defendants operate an elevator installation company where they also inspect, service and repair existing elevators.

4.      Plaintiff, an employee of Defendants, has not been properly paid for all hours of work performed and Defendants have unlawfully withheld commissions earned by Plaintiff.

5.      Defendants willfully failed to furnish Plaintiff a written commission agreement detailing how commissions were earned.

6.      Defendants further failed to furnish Plaintiff the requisite wage notices and accurate wage statements required by the NYLL.

7.      Plaintiff seeks compensation for unpaid overtime wages, commissions unlawfully withheld, liquidated damages, pre- and post-judgment interest, statutory damages and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

8.      Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, and 28 U.S.C. §§1331 and 1337 since claims for relief predicated upon the FLSA arise under federal law.

9.      Pursuant to 28 U.S.C. § 1367, the doctrine of supplemental jurisdiction, the Court maintains jurisdiction over claims that arise under the NYLL, as well as for claims that arise under other corresponding statutes, regulations, rules, and ordinances.

10.     At all times herein mentioned, defendant City Elevator is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

2

11.     Defendant City Elevator does business in the State of New York, within the Southern District of New York, maintaining a place of business at 1384 Broadway, 21st Floor, New York, NY 10018

12.     At all times herein mentioned, defendant Kone, is a foreign corporation authorized to do business in the State of New York and maintaining a place of business at 47-36 36th Street, Long Island City, NY 11101.

13.     Accordingly, this action properly lies in the Southern District of New York, pursuant to 28 U.S.C. § 1391.

**PARTIES**

14.     Plaintiff Tilchen is a resident of Nassau County in the State of New York, and was and is employed by City Elevator and Kone as a salesperson in their New York, New York office.

15.     At all times relevant herein, Plaintiff met the definition of an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and NYLL § 190(2).

16.     Plaintiff has expressed his consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (*See Exhibit "A"*, annexed hereto).

17.     Defendant City Elevator was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York, with its headquarters located in New York City.

18.     Defendant City Elevator is an elevator contractor, regularly transacting business in and employing individuals in New York.

19.     At all times relevant herein, defendant City Elevator was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190 (3).

3

20.     Upon information and belief, defendant Hellman is a resident of the State of New York.

21.     Upon information and belief, and at all times relevant herein, Hellman has been and is the Chief Executive Officer of City Elevator.

22.     Upon information and belief, and at all times relevant herein, Hellman owns and/or operates City Elevator.

23.     Upon information and belief, and at all times relevant herein, Hellman is the President of City Elevator.

24.     Upon information and belief, and at all times relevant herein, Hellman is a shareholder of City Elevator.

25.     Upon information and belief, and at all times relevant herein, Hellman is a corporate officer of City Elevator.

26.     Upon information and belief, and at all times relevant herein, Hellman is an agent of City Elevator.

27.     Upon information and belief, and at all times relevant herein, Hellman has authority over personnel decisions for City Elevator.

28.     Upon information and belief, and at all times relevant herein, Hellman has the authority over payroll decisions for City Elevator.

29.     Upon information and belief, and at all times relevant herein, Hellman supervises employees of City Elevator.

30.     Upon information and belief, and at all times relevant herein, Hellman has the authority to hire and fire employees for City Elevator.

31.     Upon information and belief, and at all times relevant herein, Hellman has the power to make binding decisions for City Elevator.

32.     Upon information and belief, and at all times relevant herein, Hellman has the power to transfer the assets or liabilities of City Elevator.

33.     Upon information and belief, and at all times relevant herein, Hellman has the power to declare bankruptcy on behalf of City Elevator.

34.     Upon information and belief, and at all times relevant herein, Hellman has the power to enter into contracts on behalf of City Elevator.

35.     At all times relevant herein, Hellman was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190 (3).

36.     Defendant Kone is a foreign corporation authorized to do business within the State of New York, with headquarters located in Long Island City, Queens County.

37.     Defendant Kone is an elevator contractor, regularly transacting business in and employing individuals in New York.

38.     At all times relevant herein, defendant Kone was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190 (3).

39.     At all times relevant herein, the activities of City Elevator constituted an "enterprise" within the meaning of Section 3(r) and (s) of the FLSA, 29 U.S.C. § 203 (r) and (s).

40.     At all times relevant herein, City Elevator employed employees, including the Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) and (s)(A)(i).

5078763.2

41.     At all times relevant herein, City Elevator's annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

42.     At all times relevant herein, the activities of Kone constituted an "enterprise" within the meaning of Section 3(r) and (s) of the FLSA, 29 U.S.C. § 203 (r) and (s).

43.     At all times relevant herein, Kone employed employees, including the Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) and (s)(A)(i).

44.     At all times relevant herein, Kone's annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FACTUAL ALLEGATIONS

45.     Plaintiff worked as a salesperson for defendant City Elevator from 2003, until City Elevator was acquired by Kone in September 2016 with which he continued his employment.

46.     At all times relevant herein, Plaintiff performed his job with the highest degree of professionalism, competence and integrity.

47.     At all times relevant herein, Defendants had authority over the terms and conditions of employment of Plaintiff.

48.     For example, Defendants had the power to hire, fire and discipline Plaintiff. Defendants also maintained records relevant to the employment of Plaintiff.

49.     As a salesperson, Plaintiff was responsible for making sales to customers on behalf of Defendants.

5078763.2

50.     At all times relevant herein, Defendants supervised and controlled the work schedule and working conditions of Plaintiff.

51.     When Plaintiff was hired by City Elevator, Plaintiff accepted employment with City Elevator with the understanding that Plaintiff was to receive a base salary, plus commissions.

52.     The manner in which Plaintiff would earn commissions was communicated to him by Hellman; Plaintiff was to earn commission at varying rates between 1% and 8% for selling elevator repairs, maintenance, and modernization contracts for Defendants.  Defendants also agreed to a profit sharing plan on individual elevator sales made by Plaintiff.

53.     Plaintiff never received a written commission agreement from Defendants as is required under the law.

54.     Defendants further failed to furnish Plaintiff with the proper wage notice required by the FLSA, NYLL and Wage Theft Prevention Act.

55.     Defendants subsequently and unilaterally instituted an unlawful policy and practice of failing to pay Plaintiff his full earned commissions.

56.     Defendants' policy was to not provide commission statements to Plaintiff; Defendants did not provide an accounting for the commissions paid to Plaintiff, and as a result, the underpayments were concealed from Plaintiff.

57.     Upon information and belief, Defendants did not keep accurate records of hours worked by Plaintiff.

58.     During most workweeks, Plaintiff works from 5:00 a.m. to 6:00 p.m., or later, which is approximately a minimum of 65 hours per week.

5078763.2

59.     All of the work performed by Plaintiff was assigned by Defendants and/or Defendants were aware of all the overtime work the Plaintiff performed.

60.     Defendants failed to compensate Plaintiff for time worked in excess of 40 hours per week at a rate of at least one and one-half (1.5) times his regular hourly rate of pay throughout the entire term of his employment with Defendants.

61.     Defendants failed to furnish Plaintiff with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

62.     At all times relevant herein, Plaintiff did not authorize, in writing or otherwise, any deductions to his pay, including but not limited to the deductions of Plaintiff's commissions earning and overtime wages earned. Such unlawful deductions were not for the benefit of Plaintiff. Therefore, Defendants' deductions from Plaintiff's earned payroll and commissions were unlawful under the FLSA and NYLL.

63.     Defendants were or should have been aware that the FLSA and NYLL required them to pay Plaintiff premium overtime pay for all hours worked in excess of 40 hours per week.

64.     Defendants' failure to pay Plaintiff overtime wages for his work in excess of 40 hours per week was willful, intentional, and in bad faith.

65.     Defendants were or should have been aware that the FLSA and NYLL required them to provide Plaintiff with a written commission agreement.

66.     Defendants' failure to provide Plaintiff with a written commission agreement reflecting how commissions are earned was willful, intentional, and in bad faith.

67.     Defendants were or should have been aware that the FLSA and NYLL required them to pay Plaintiff all commissions earned.

8

68.     Defendants' failure to pay Plaintiff all commissions earned was willful, intentional, and in bad faith.

69.     Defendants were or should have been aware of the FLSA and NYLL's record keeping requirements.

70.     Defendants' failure to comply with the FLSA and NYLL's record keeping requirements was willful, intentional, and in bad faith.

## FIRST CLAM FOR RELIEF
### (FLSA Unlawful Deductions from Payroll)

71.     Plaintiff hereby repeats and realleges each and every allegation set forth in paragraphs "1" through "70" above with the same force and effect as if fully set forth at length herein.

72.     At all times relevant herein, Plaintiff was an "employee" within the meaning of the FLSA. Similarly, at all times relevant herein, Defendants were and are an "employer" within the meaning of the FLSA.

73.     As previously alleged, Plaintiff was a salesperson who sold elevator repairs, maintenance, and modernization contracts for Defendants.

74.     Plaintiff was compensated by Defendants with a combination of salary and commissions.

75.     Defendants, however, instituted a policy and practice of non-payment Plaintiff's commissions.

76.     At no time did Plaintiff authorize such non-payment.

77.     As such, Defendants willfully, intentionally and deliberately withheld earned wages due and owing to Plaintiff without his written authorization.

78.     Defendants' unlawful withholdings from the earned wages due and owing to Plaintiff without his written authorization were willful violations of the FLSA, 29 U.S.C. § 201 *et seq.*

79.     As a result of the foregoing, Plaintiff has been denied earned wages required under the FLSA, 29 U.S.C. § 201 *et seq.*, and has suffered substantial economic damages.

## SECOND CLAIM FOR RELIEF
### (NYLL Failure to Pay Earned Commissions)

80.     Plaintiff hereby repeats and realleges each and every allegation set forth in paragraphs "1" through "79" above with the same force and effect as if fully set forth at length herein.

81.     At all times relevant herein, Plaintiff was an "employee" within the meaning of the NYLL. Similarly, at all times relevant herein, Defendants were and are an "employer" within the meaning of the NYLL.

82.     As previously alleged, Plaintiff was a salesperson who received salary and commission for selling elevator repairs, maintenance, and modernization contracts for Defendants.

*83.*     Plaintiff earned commissions on sale of such contracts. Such commissions constitute "wages" within the meaning of NYLL § 190 *et seq.*

84.     Defendants, however, instituted a policy and practice of failing and/or refusing to pay Plaintiff his earned commissions for all of the contracts he sold.

85.     Plaintiff is therefore due wages from the Company based on his commissions, which were earned upon the sale of the contracts.

86.     Defendants willfully, intentionally and deliberately withheld earned wages due and owing to Plaintiff without his written authorization.

5078763.2

87.     Defendants' unlawful withholdings from the earned wages due and owing to Plaintiff without his written authorization were willful violations of NYLL § 190 *et seq*.

88.     Due to Defendants' violations of NYLL, Plaintiff is entitled to recover his wages that were unlawfully withheld by Defendants, liquidated damages equal to 100% of the total amount of wages found to be due and owed, pre-judgment interest at the statutory compounded rate, and reasonable attorneys' fees and costs of this action pursuant to NYLL § 663(1).

## THIRD CLAIM FOR RELIEF
### (FLSA Unpaid Overtime Wages)

89.     Plaintiff hereby repeats and realleges each and every allegation set forth in paragraphs "1" through "88" above with the same force and effect as if fully set forth at length herein.

90.     Defendants employed Plaintiff for workweeks longer than 40 hours and willfully failed to compensate Plaintiff at a rate of at least one and one-half times his regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. §207(a)(1).

91.     The complete records concerning the numbers of hours worked by Plaintiff as well as the compensation received in workweeks in which excess hours were worked are in the exclusive possession and control of Defendants, and as such, Plaintiff is unable to state at this time the exact amount due and owing to him.

92.     As a consequence of the willful underpayment of wages, alleged above, Plaintiff has incurred damages thereby and Defendants are indebted to him in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (NYLL Unpaid Overtime Wages)

11

93.     Plaintiff hereby repeats and realleges each and every allegation set forth in paragraphs "1" through "92" above with the same force and effect as if fully set forth at length herein.

94.     Defendants employed Plaintiff for workweeks longer than 40 hours and willfully failed to compensate Plaintiff at a rate of at least one and one-half times his regular hourly rate, in violation of the requirements of the NYLL.

95.     By the course of conduct set forth above, Defendants have violated NYLL §650, *et seq.*; 12 N.Y.C.R.R. § 142-2.2.

96.     Defendants have refused to pay overtime compensation to Plaintiff.

97.     Defendants' failure to pay overtime compensation to Plaintiff was willful within the meaning of NYLL § 663.

98.     As a consequence of the willful underpayment of wages, alleged above, Plaintiff has incurred damages thereby and Defendants are indebted to Plaintiff in the amount of the unpaid overtime compensation and such other legal and equitable relief due to the Defendants' unlawful and willful conduct, as the Court deems just and proper.

99.     Plaintiff is also entitled to recover liquidated damages, attorneys' fees, and costs from the Defendants as provided by NYLL.

### FIFTH CLAIM FOR RELIEF
### (NYLL Notice and Record-Keeping Requirement Violation)

100.    Plaintiff hereby repeats and realleges each and every allegation set forth in paragraphs "1" through "99" above with the same force and effect as if fully set forth at length herein.

101.    Defendants failed to supply Plaintiff notice as required by NYLL § 195 containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other hourly rate or rates of pay and overtime rate or rates

5078763.2

of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

102.     Defendants failed to supply Plaintiff with any accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hours, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime worked if applicable; deductions; and net wages.

103.     Due to Defendants' violations of NYLL § 195, for each day that Defendants failed to provide a proper wage notice at the time of hiring through February 26, 2015, Plaintiff is entitled to damages of $50 per day, or total of $2,500, as provided for by NYLL § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

104.     Due to Defendants' violations of NYLL § 195, for each day that Defendants failed to provide a proper wage notice from February 26, 2015 through the present, Plaintiff is entitled to damages of $50 per day, or total of $5,000, as provided for by NYLL § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

105.     Due to Defendants' violations of NYLL § 195, for each workweek that Defendants failed to provide a proper wage statement from the time of hiring through February 26, 2015, Plaintiff is entitled to damages of $100 per workweek, or total of $2,500, as provided for by NYLL § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

106.     Due to Defendants' violations of NYLL § 195, for each work day that Defendants failed to provide a proper wage statement from February 26, 2015 through the present, Plaintiff is

5078763.2

entitled to damages of $250 per day, or total of $5,000, as provided for by NYLL § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## SIXTH CLAIM FOR RELIEF
### (Conversion)

107.    Plaintiff hereby repeats and realleges each and every allegation set forth in paragraphs "1" through "106" above with the same force and effect as if fully set forth at length herein.

108.    As previously alleged, Plaintiff is a salesperson who received salary and commission for selling elevator repairs, maintenance, and modernization contracts.

109.    Plaintiff earned commissions upon the sale of such elevator contracts.

110.    At all times relevant herein, Plaintiff was entitled to the immediate possession of the wages he earned through his commissioned sales.

111.    Defendants, however, have (i) intentionally and/or without authority; (ii) assumed or exercised control over the earned commissions belonging to Plaintiff; and (iii) interfered with Plaintiff's right of possession.   Plaintiff has demanded payment of the commissions but the Defendants have refused.

112.    Plaintiff has the right to immediate possession of the full amount of his earned wages, including commissions.

113.    Defendants have exercised control over the Plaintiff's earned wages and intentionally interfered with Plaintiff's right to possession or use of his earned wages by refusing to provide the full amount wages earned to Plaintiff.

114.    Defendants' failure to provide to Plaintiff his full amount of earned wages has been deliberate and calculated as they have refused to relinquish the wages without cause or justification.

5078763.2

115.    Defendants have reason to and do in fact know that Plaintiff is entitled to the wages earned.

116.    Defendants' interference with Plaintiff's possession or use of the wages earned has cause Plaintiff substantial economic damages.

117.    Based on the foregoing, Plaintiff has been damaged in the amount of the unpaid commission to be determined at trial, plus interest at the highest rate permitted by law.

118.    Defendants' unlawful conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, warranting an award of punitive damages against Defendants.

### SEVENTH CLAIM FOR RELIEF
#### (Unjust Enrichment)

119.    Plaintiff hereby repeats and realleges each and every allegation set forth in paragraphs "1" through "118" above with the same force and effect as if fully set forth at length herein.

120.    As previously alleged, Plaintiff is a salesperson who received commission-based wages for selling elevator repairs, maintenance, and modernization contracts.

121.    As part of Defendants' efforts to secure and retain the services of Plaintiff throughout his tenure at the company, Defendants represented to Plaintiff that his commissions would be earned on sale.

122.    Defendants, however, instituted a policy and practice of paying Plaintiff commissions that were far below what was promised to him, resulting in a gross injustice if Defendants' promises are not enforced.

123.    As a direct result of Plaintiff's reasonable and foreseeable reliance upon the promises made to him by Defendants regarding the payment of earned wages, Defendants have

5078763.2

been unjustly enriched and Plaintiff has suffered, and continues to suffer, substantial economic damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. Awarding Plaintiff all wages and benefits which would have been received by Plaintiff but for Defendants violation of the aforementioned statues;

B. Awarding Plaintiff all unpaid earned commissions which would have been received by Plaintiff but for Defendants' violation of the aforementioned statutes;

C. Awarding Plaintiff liquidated damages relating to all lost/unpaid wages, as provided for by NYLL § 215(d);

D. Awarding Plaintiff statutory damages for Defendants' violations of the notice and recordkeeping requirements pursuant to NYLL § 195, and injunctive and declaratory relief as provided by NYLL § 198;

E. Pre-judgment and post-judgment interest as provided by law;

F. Appropriate equitable and injunctive relief to remedy violations, including but necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

G. Awarding Plaintiff damages in an amount to be determined at trial for Defendants' conversion of Plaintiff's earned commissions;

H. Awarding Plaintiff damages in an amount to be determined at trial for Defendants' unjust enrichment;

I. Awarding Plaintiff punitive damages;

J. Awarding Plaintiff reasonable attorneys' fees and the litigation costs of this action;

16

K. Awarding Plaintiff the costs and disbursements of this action, including expert fees

and disbursements; and

L.  Such other and further relief as this Court may deem just, proper and equitable.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated:  East Meadow, New York
        January 4, 2017

                         **CERTILMAN BALIN ADLER & HYMAN, LLP**

                         By: _____
                             Desiree M. Gargano, Esq.
                             Douglas E. Rowe, Esq.
                         *Attorneys for Plaintiff*
                         90 Merrick Avenue
                         East Meadow, New York 11554
                         (516) 296-7000
                         dgargano@certilmanbalin.com
                         drowe@certilmanbalin.com

5078763.2