UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

STEVEN TILCHEN,

Plaintiff,

-against-

CEMD ELEVATOR CORP. d/b/a CITY ELEVATOR, MITCHELL HELLMAN and KONE, INC.,

Defendants.

---------------------------------------------------------------------X

Case No. 1:17-cv-00051

**ANSWER**

Defendants, CEMD ELEVATOR CORP. d/b/a CITY ELEVATOR and MITCHELL HELLMAN ("answering defendants") by and through their attorneys, FORCHELLI, CURTO, DEEGAN, SCHWARTZ, MINEO & TERRANA, LLP, as for their Answer to plaintiff's verified complaint herein as follows:

1. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of plaintiff's verified complaint.

2. With regard to paragraph "2" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

3. With regard to paragraph "3" of plaintiff's verified complaint, these answering defendants admit that CEMD Elevator Corp. d/b/a City Elevator operated an elevator installation company where they also inspected, serviced and repaired existing elevators and deny all remaining averments.

4. Deny the allegations contained in paragraph "4" of plaintiff's verified complaint.

5. Deny the allegations contained in paragraph "5" of plaintiff's verified complaint.

6. Deny the allegations contained in paragraph "6" of plaintiff's verified complaint.

7. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of plaintiff's verified complaint.

8. With regard to paragraph "8" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

9. With regard to paragraph "9" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

10. Admit the allegations contained in paragraph "10" of plaintiff's verified complaint.

11. With regard to paragraph "11" of plaintiff's verified complaint, answering defendants admit Defendant City Elevator does business in the state of New York maintaining a place of business at 1384 Broadway, 21st Floor, New York, NY 10018 and deny all remaining averments.

12. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of plaintiff's verified complaint.

13. With regard to paragraph "13" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor

are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

14. With regard to paragraph "14" of plaintiff's verified complaint, answering defendants admit Plaintiff Tilchen was employed by City Elevator and deny all remaining averments.

15. With regard to paragraph "15" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.

16. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of plaintiff's verified complaint.

17. Deny the allegations contained in paragraph "17" of plaintiff's verified complaint.

18. Deny the allegations contained in paragraph "18" of plaintiff's verified complaint.

19. With regard to paragraph "19" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.

20. Admit the allegations contained in paragraph "20" of plaintiff's verified complaint.

21. Deny the allegations contained in paragraph "21" of plaintiff's verified complaint.

22. Admit the allegations contained in paragraph "22" of plaintiff's verified complaint.

23. Admit the allegations contained in paragraph "23" of plaintiff's verified complaint.

24. Admit the allegations contained in paragraph "24" of plaintiff's verified complaint.

25. Admit the allegations contained in paragraph "25" of plaintiff's verified complaint.

26. Deny the allegations contained in paragraph "26" of plaintiff's verified complaint.

27. Admit the allegations contained in paragraph "27" of plaintiff's verified complaint.

28. Admit the allegations contained in paragraph "28" of plaintiff's verified complaint.

29. Deny the allegations contained in paragraph "29" of plaintiff's verified complaint.

30. Admit the allegations contained in paragraph "30" of plaintiff's verified complaint.

31. Admit the allegations contained in paragraph "31" of plaintiff's verified complaint.

32. Deny the allegations contained in paragraph "32" of plaintiff's verified complaint.

33. Deny the allegations contained in paragraph "33" of plaintiff's verified complaint.

34. Deny the allegations contained in paragraph "34" of plaintiff's verified complaint.

35. With regard to paragraph "35" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny having knowledge or information sufficient to form a belief as to the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

36. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36" of plaintiff's verified complaint.

37. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "37" of plaintiff's verified complaint.

38. With regard to paragraph "38" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.

39. With regard to paragraph "39" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor

are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

40. With regard to paragraph "40" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.

41. Admits the allegations contained in paragraph "41" of plaintiff's verified complaint.

42. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "42" of plaintiff's verified complaint.

43. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "43" of plaintiff's verified complaint.

44. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "44" of plaintiff's verified complaint.

45. With regard to paragraph "45" of plaintiff's verified complaint, answering defendants admit Plaintiff worked as a salesperson for defendant City Elevator from 2003, and with respect to all remaining averment, answering defendants deny having knowledge or information sufficient to form a belief as to the matters asserted.

46. Deny the allegations contained in paragraph "46" of plaintiff's verified complaint.

47. Deny the allegations contained in paragraph "47" of plaintiff's verified complaint.

48. Admits the allegations contained in paragraph "48" of plaintiff's verified complaint.

49. With respect to paragraph "49" of plaintiff's verified complaint, answering defendants admit as a salesperson, Plaintiff was responsible for making sales to customers on behalf of defendant City Elevator and deny all remaining averments.

50. Deny the allegations contained in paragraph "50" of plaintiff's verified complaint.

51. Deny the allegations contained in paragraph "51" of plaintiff's verified complaint.

52. Deny the allegations contained in paragraph "52" of plaintiff's verified complaint.

53. Deny the allegations contained in paragraph "53" of plaintiff's verified complaint.

54. With regard to paragraph "54" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

55. Deny the allegations contained in paragraph "55" of plaintiff's verified complaint.

56. Deny the allegations contained in paragraph "56" of plaintiff's verified complaint.

57. Deny the allegations contained in paragraph "57" of plaintiff's verified complaint.

58. Deny the allegations contained in paragraph "58" of plaintiff's verified complaint.

59. Deny the allegations contained in paragraph "59" of plaintiff's verified complaint.

60. Deny the allegations contained in paragraph "60" of plaintiff's verified complaint.

61. Deny the allegations contained in paragraph "61" of plaintiff's verified complaint.

62. Deny the allegations contained in paragraph "62" of plaintiff's verified complaint.

63. Admits the allegations contained in paragraph "63" of plaintiff's verified complaint.

64. Deny the allegations contained in paragraph "64" of plaintiff's verified complaint.

65. With regard to paragraph "65" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a

response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

66. Deny the allegations contained in paragraph "66" of plaintiff's verified complaint.

67. With regard to paragraph "67" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

68. Deny the allegations contained in paragraph "68" of plaintiff's verified complaint.

69. With regard to paragraph "69" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

70. Deny the allegations contained in paragraph "70" of plaintiff's verified complaint.

**FIRST CLAIM FOR RELIEF**

71. With regard to paragraph "71" of plaintiff's verified complaint, the answering defendants repeat and reiterate each response to the allegations contained in the paragraphs of the verified complaint with the same force and effect as previously set forth at length.

72. With regard to paragraph "72" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.

73. With regard to paragraph "73" of plaintiff's verified complaint, answering defendants admit that as previously alleged Plaintiff was a salesperson who sold elevator repairs, maintenance and modernization contracts for answering defendant City Elevator and deny all remaining averments.

74. Deny the allegations contained in paragraph "74" of plaintiff's verified complaint.

75. Deny the allegations contained in paragraph "75" of plaintiff's verified complaint.

76. Deny the allegations contained in paragraph "76" of plaintiff's verified complaint.

77. Deny the allegations contained in paragraph "77" of plaintiff's verified complaint.

78. Deny the allegations contained in paragraph "78" of plaintiff's verified complaint.

79. Deny the allegations contained in paragraph "79" of plaintiff's verified complaint.

## SECOND CLAIM FOR RELIEF

80. With regard to paragraph "80" of plaintiffs verified complaint, the answering defendants repeat and reiterate each response to the allegations contained in the paragraphs of the verified complaint with the same force and effect as previously set forth at length.

81. With regard to paragraph "81" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

82. Deny the allegations contained in paragraph "82" of plaintiff's verified complaint.

83. Deny the allegations contained in paragraph "83" of plaintiff's verified complaint.

84. Deny the allegations contained in paragraph "84" of plaintiff's verified complaint.

85. Deny the allegations contained in paragraph "85" of plaintiff's verified complaint.

86. Deny the allegations contained in paragraph "86" of plaintiff's verified complaint.

87. With regard to paragraph "87" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

88. With regard to paragraph "88" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

**THIRD CLAIM FOR RELIEF**

89. With regard to paragraph "89" of plaintiffs verified complaint, the answering defendants repeat and reiterate each response to the allegations contained in the paragraphs of the verified complaint with the same force and effect as previously set forth at length.

90. With regard to paragraph "90" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

91. Deny the allegations contained in paragraph "91" of plaintiff's verified complaint.

92. Deny the allegations contained in paragraph "92" of plaintiff's verified complaint.

**FOURTH CLAIM FOR RELIEF**

93. With regard to paragraph "93" of plaintiffs verified complaint, the answering defendants repeat and reiterate each response to the allegations contained in the paragraphs of the verified complaint with the same force and effect as previously set forth at length.

94. Deny the allegations contained in paragraph "94" of plaintiff's verified complaint.

95. With regard to paragraph "95" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

96. Deny the allegations contained in paragraph "96" of plaintiff's verified complaint.

97. With regard to paragraph "97" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

98. Deny the allegations contained in paragraph "98" of plaintiff's verified complaint.

99. Deny the allegations contained in paragraph "99" of plaintiff's verified complaint.

**FIFTH CLAIM FOR RELIEF**

100. With regard to paragraph "100" of plaintiffs verified complaint, the answering defendants repeat and reiterate each response to the allegations contained in the paragraphs of the verified complaint with the same force and effect as previously set forth at length.

101. With regard to paragraph "101" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

102. With regard to paragraph "102" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

103. With regard to paragraph "103" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

104. With regard to paragraph "104" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

105. With regard to paragraph "105" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a

response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

106. With regard to paragraph "106" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

**SIXTH CLAIM FOR RELIEF**

107. With regard to paragraph "107" of plaintiffs verified complaint, the answering defendants repeat and reiterate each response to the allegations contained in the paragraphs of the verified complaint with the same force and effect as previously set forth at length.

108. Deny the allegations contained in paragraph "108" of plaintiff's verified complaint.

109. Deny the allegations contained in paragraph "109" of plaintiff's verified complaint.

110. Deny the allegations contained in paragraph "110" of plaintiff's verified complaint.

111. Deny the allegations contained in paragraph "111" of plaintiff's verified complaint.

112. Deny the allegations contained in paragraph "112" of plaintiff's verified complaint.

113. Deny the allegations contained in paragraph "113" of plaintiff's verified complaint.

114. Deny the allegations contained in paragraph "114" of plaintiff's verified complaint.

115. Deny the allegations contained in paragraph "115" of plaintiff's verified complaint.

116. Deny the allegations contained in paragraph "116" of plaintiff's verified complaint.

117. Deny the allegations contained in paragraph "117" of plaintiff's verified complaint.

118. Deny the allegations contained in paragraph "118" of plaintiff's verified complaint.

**SEVENTH CLAIM FOR RELIEF**

119. With regard to paragraph "119" of plaintiffs verified complaint, the answering defendants repeat and reiterate each response to the allegations contained in the paragraphs of the verified complaint with the same force and effect as previously set forth at length.

120. Deny the allegations contained in paragraph "120" of plaintiff's verified complaint.

121. Deny the allegations contained in paragraph "121" of plaintiff's verified complaint.

122. Deny the allegations contained in paragraph "122" of plaintiff's verified complaint.

123. Deny the allegations contained in paragraph "123" of plaintiff's verified complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a cause of action or claim upon which relief may be granted as a matter of fact and law.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Any acts or omissions by Defendants were in good faith, and Defendants had reasonable grounds for believing that any such acts or omissions were not in violation of the New York Labor Law ("NYLL").

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

All damages allegedly sustained by the Plaintiff as set forth in the Complaint were caused in whole or in part by the culpable conduct, negligence or lack of care on the part of the Plaintiff and, as such, all claims asserted by the Plaintiff should be dismissed.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

Subject to proof through discovery, the Plaintiff's claims are barred, in whole or in part, and must be dismissed by the applicable statute of limitations, and/or the doctrines of avoidable consequences, waiver, estoppels and/or laches.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has suffered injury, which is denied, that injury is the result of acts or omissions of the Plaintiff and not any act or omission of the Defendants.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

If Defendants are found to have failed to pay any amount due, which Defendants deny, Defendants acted at all times on the basis of a good faith and reasonable belief that their actions were in compliance and conformity with all applicable state and federal laws and/or written administrative regulations, orders, rulings, or interpretations, and therefore Defendants' actions were not willful.

**AS AND FOR SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's monetary claims are barred in whole or in part by his failure to mitigate damages.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

If Defendants are found to have failed to pay Plaintiff any amount due, which Defendants deny, Defendants are entitled to set off any overpayments or other sums owed by Plaintiff against any judgment.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims as alleged in the Complaint are barred by the doctrines of unclean hands and/or laches.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, pursuant New York law as Defendants acted in good faith and in conformity with and reliance upon administrative regulations, orders, rulings, interpretations and/or administrative practices or enforcement policies of the

Administrator of the Wage and Hour Division of the United State Department of Labor and/or of the New York State Department of Labor.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim under New York law upon which either pre-judgment or post-judgment interest, liquidated damages, or attorneys' fees may be awarded.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, pursuant New York law because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions did not violate any New York law, and as such, Defendants assert a lack of willfulness, recklessness, or intent to violate any applicable state law.

**AS A FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for liquidated damages is barred, in whole or in part, because any and all actions taken by Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of Federal or New York law.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because of payment, accord and/or satisfaction to Plaintiff.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has been fully paid for all services furnished and there are no payments due and owing to the Plaintiff.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred and precluded, in whole or in part, by Plaintiff's unreasonable failure under the circumstances to exercise reasonable care and avoid, minimize and/or mitigate any damages he may have suffered. Accordingly, Plaintiff's right to recover against Defendants should be reduced and/or eliminated due to such failure.

**AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendants are entitled to the benefit of all legal and equitable limitations and/or reductions imposed by statute or otherwise on any award of damages, costs, fees and/or disbursements to the Plaintiff.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims should be dismissed, in whole or in part, to the extent that the work he performed falls within exemptions, exclusions, exceptions, offsets or credits under the NYLL.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

Defendants presently have insufficient knowledge or information upon which a belief can be formed as to whether the Defendants may have additional, but yet unknown and unstated, affirmative defenses. Defendants reserve the right to amend their answer to assert such additional affirmative defenses in the event that discovery reveals that additional defenses are appropriate.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief for alleged FLSA violations by the Defendants fail given that Plaintiff's salary exceeded $200,000 per year and Plaintiff was a highly compensated employee who is exempt from FLSA requirements.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief for alleged NYLL violations by the Defendants fail given that Plaintiff's salary exceeded $200,000 per year and Plaintiff was a highly compensated employee who is exempt from NYLL requirements.

**WHEREFORE,** the allegations in paragraphs "A" through "L" on pages 16 and 17 of the verified complaint are demands for judgment and relief to which no responses are required; however, to the extent a response is required, these answering defendants deny that plaintiff is entitled to judgment or any relief whatsoever.

Dated: Uniondale, New York
March 17, 2017

Yours, etc.,

FORCHELLI, CURTO, DEEGAN,
SCHWARTZ, MINEO & TERRANA, LLP

By: /s/

ELBERT F. NASIS, ESQ.
GREGORY S. LISI, ESQ.
Attorneys for the Defendants, *CEMD Elevator Corp. d/b/a City Elevator and Mitchell Hellman*
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553
Phone: (516) 248-1700
Fax: (516) 248-1729
E-Mails: enasis@forchellilaw.com
glisi@forchellilaw.com