UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

STEVEN TILCHEN,                                      Case No. 1:17-cv-00051

                                    Plaintiff,

                                                     **AMENDED**
            -against-                                **ANSWER WITH**
                                                     **COUNTER-CLAIMS**

CEMD ELEVATOR CORP. d/b/a CITY ELEVATOR,
MITCHELL HELLMAN and KONE, INC.,

                                    Defendants.
------------------------------------------------------------------------X

      Defendants, CEMD ELEVATOR CORP. d/b/a CITY ELEVATOR and MITCHELL

HELLMAN (collectively, "Defendants" or "answering defendants") by and through their

attorneys, FORCHELLI, CURTO, DEEGAN, SCHWARTZ, MINEO & TERRANA, LLP, as for

their Answer to plaintiff's verified complaint herein as follows:

      1.    Deny having knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "1" of plaintiff's verified complaint.

      2.    With regard to paragraph "2" of plaintiff's verified complaint, answering

defendants state that they are not required to respond to statutory text that speaks for itself nor

are they required to respond to legal conclusions and questions of law.  However, to the extent a

response is required, answering defendants deny the matters asserted in this paragraph and refer

all questions of law to this Honorable Court.

      3.    With regard to paragraph "3" of plaintiff's verified complaint, these answering

defendants admit that CEMD Elevator Corp. d/b/a City Elevator operated an elevator installation

company where they also inspected, serviced and repaired existing elevators and deny all

remaining averments.

      4.    Deny the allegations contained in paragraph "4" of plaintiff's verified complaint.

5.    Deny the allegations contained in paragraph "5" of plaintiff's verified complaint.

6.    Deny the allegations contained in paragraph "6" of plaintiff's verified complaint.

7.    Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of plaintiff's verified complaint.

8.    With regard to paragraph "8" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.  However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

9.    With regard to paragraph "9" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.  However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

10.    Admit the allegations contained in paragraph "10" of plaintiff's verified complaint.

11.    With regard to paragraph "11" of plaintiff's verified complaint, answering defendants admit Defendant City Elevator does business in the state of New York maintaining a place of business at 1384 Broadway, 21st Floor, New York, NY 10018 and deny all remaining averments.

12.    Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of plaintiff's verified complaint.

13.    With regard to paragraph "13" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor

are they required to respond to legal conclusions and questions of law.  However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

14.   With regard to paragraph "14" of plaintiff's verified complaint, answering defendants admit Plaintiff Tilchen was employed by City Elevator and deny all remaining averments.

15.   With regard to paragraph "15" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.

16.   Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of plaintiff's verified complaint.

17.   Deny the allegations contained in paragraph "17" of plaintiff's verified complaint.

18.   Deny the allegations contained in paragraph "18" of plaintiff's verified complaint.

19.   With regard to paragraph "19" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.

20.   Admit the allegations contained in paragraph "20" of plaintiff's verified complaint.

21.   Deny the allegations contained in paragraph "21" of plaintiff's verified complaint.

22.   Admit the allegations contained in paragraph "22" of plaintiff's verified complaint.

23.   Admit the allegations contained in paragraph "23" of plaintiff's verified complaint.

24.   Admit the allegations contained in paragraph "24" of plaintiff's verified complaint.

25.   Admit the allegations contained in paragraph "25" of plaintiff's verified complaint.

26.   Deny the allegations contained in paragraph "26" of plaintiff's verified complaint.

27.   Admit the allegations contained in paragraph "27" of plaintiff's verified complaint.

28.   Admit the allegations contained in paragraph "28" of plaintiff's verified complaint.

29.   Deny the allegations contained in paragraph "29" of plaintiff's verified complaint.

30.   Admit the allegations contained in paragraph "30" of plaintiff's verified complaint.

31.   Admit the allegations contained in paragraph "31" of plaintiff's verified complaint.

32.   Deny the allegations contained in paragraph "32" of plaintiff's verified complaint.

33.   Deny the allegations contained in paragraph "33" of plaintiff's verified complaint.

34.   Deny the allegations contained in paragraph "34" of plaintiff's verified complaint.

35.   With regard to paragraph "35" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.  However, to the extent a response is required, answering defendants deny having knowledge or information sufficient to form a belief as to the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

36.   Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36" of plaintiff's verified complaint.

37.   Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "37" of plaintiff's verified complaint.

38.   With regard to paragraph "38" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.

39.   With regard to paragraph "39" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor

4

are they required to respond to legal conclusions and questions of law.  However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

40.    With regard to paragraph "40" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.

41.    Admits the allegations contained in paragraph "41" of plaintiff's verified complaint.

42.    Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "42" of plaintiff's verified complaint.

43.    Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "43" of plaintiff's verified complaint.

44.    Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "44" of plaintiff's verified complaint.

45.    With regard to paragraph "45" of plaintiff's verified complaint, answering defendants admit Plaintiff worked as a salesperson for defendant City Elevator from 2003, and with respect to all remaining averment, answering defendants deny having knowledge or information sufficient to form a belief as to the matters asserted.

46.    Deny the allegations contained in paragraph "46" of plaintiff's verified complaint.

47.    Deny the allegations contained in paragraph "47" of plaintiff's verified complaint.

48.    Admits the allegations contained in paragraph "48" of plaintiff's verified complaint.

49.    With respect to paragraph "49" of plaintiff's verified complaint, answering defendants admit as a salesperson, Plaintiff was responsible for making sales to customers on behalf of defendant City Elevator and deny all remaining averments.

50.     Deny the allegations contained in paragraph "50" of plaintiff's verified complaint.

51.     Deny the allegations contained in paragraph "51" of plaintiff's verified complaint.

52.     Deny the allegations contained in paragraph "52" of plaintiff's verified complaint.

53.     Deny the allegations contained in paragraph "53" of plaintiff's verified complaint.

54.     With regard to paragraph "54" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.  However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

55.     Deny the allegations contained in paragraph "55" of plaintiff's verified complaint.

56.     Deny the allegations contained in paragraph "56" of plaintiff's verified complaint.

57.     Deny the allegations contained in paragraph "57" of plaintiff's verified complaint.

58.     Deny the allegations contained in paragraph "58" of plaintiff's verified complaint.

59.     Deny the allegations contained in paragraph "59" of plaintiff's verified complaint.

60.     Deny the allegations contained in paragraph "60" of plaintiff's verified complaint.

61.     Deny the allegations contained in paragraph "61" of plaintiff's verified complaint.

62.     Deny the allegations contained in paragraph "62" of plaintiff's verified complaint.

63.     Admits the allegations contained in paragraph "63" of plaintiff's verified complaint.

64.     Deny the allegations contained in paragraph "64" of plaintiff's verified complaint.

65.     With regard to paragraph "65" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.  However, to the extent a

response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

66.   Deny the allegations contained in paragraph "66" of plaintiff's verified complaint.

67.   With regard to paragraph "67" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.  However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

68.   Deny the allegations contained in paragraph "68" of plaintiff's verified complaint.

69.   With regard to paragraph "69" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.  However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

70.   Deny the allegations contained in paragraph "70" of plaintiff's verified complaint.

## FIRST CLAIM FOR RELIEF

71.   With regard to paragraph "71" of plaintiff's verified complaint, the answering defendants repeat and reiterate each response to the allegations contained in the paragraphs of the verified complaint with the same force and effect as previously set forth at length.

72.   With regard to paragraph "72" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.

73. With regard to paragraph "73" of plaintiff's verified complaint, answering defendants admit that as previously alleged Plaintiff was a salesperson who sold elevator repairs, maintenance and modernization contracts for answering defendant City Elevator and deny all remaining averments.

74. Deny the allegations contained in paragraph "74" of plaintiff's verified complaint.

75. Deny the allegations contained in paragraph "75" of plaintiff's verified complaint.

76. Deny the allegations contained in paragraph "76" of plaintiff's verified complaint.

77. Deny the allegations contained in paragraph "77" of plaintiff's verified complaint.

78. Deny the allegations contained in paragraph "78" of plaintiff's verified complaint.

79. Deny the allegations contained in paragraph "79" of plaintiff's verified complaint.

## SECOND CLAIM FOR RELIEF

80. With regard to paragraph "80" of plaintiff's verified complaint, the answering defendants repeat and reiterate each response to the allegations contained in the paragraphs of the verified complaint with the same force and effect as previously set forth at length.

81. With regard to paragraph "81" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

82. Deny the allegations contained in paragraph "82" of plaintiff's verified complaint.

83. Deny the allegations contained in paragraph "83" of plaintiff's verified complaint.

84. Deny the allegations contained in paragraph "84" of plaintiff's verified complaint.

85. Deny the allegations contained in paragraph "85" of plaintiff's verified complaint.

86.   Deny the allegations contained in paragraph "86" of plaintiff's verified complaint.

87.   With regard to paragraph "87" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.  However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

88.   With regard to paragraph "88" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.  However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

## THIRD CLAIM FOR RELIEF

89.   With regard to paragraph "89" of plaintiff's verified complaint, the answering defendants repeat and reiterate each response to the allegations contained in the paragraphs of the verified complaint with the same force and effect as previously set forth at length.

90.   With regard to paragraph "90" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.  However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

91.   Deny the allegations contained in paragraph "91" of plaintiff's verified complaint.

92.   Deny the allegations contained in paragraph "92" of plaintiff's verified complaint.

## FOURTH CLAIM FOR RELIEF

93. With regard to paragraph "93" of plaintiff's verified complaint, the answering defendants repeat and reiterate each response to the allegations contained in the paragraphs of the verified complaint with the same force and effect as previously set forth at length.

94. Deny the allegations contained in paragraph "94" of plaintiff's verified complaint.

95. With regard to paragraph "95" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

96. Deny the allegations contained in paragraph "96" of plaintiff's verified complaint.

97. With regard to paragraph "97" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

98. Deny the allegations contained in paragraph "98" of plaintiff's verified complaint.

99. Deny the allegations contained in paragraph "99" of plaintiff's verified complaint.

## FIFTH CLAIM FOR RELIEF

100. With regard to paragraph "100" of plaintiff's verified complaint, the answering defendants repeat and reiterate each response to the allegations contained in the paragraphs of the verified complaint with the same force and effect as previously set forth at length.

101. With regard to paragraph "101" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.  However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

102. With regard to paragraph "102" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.  However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

103. With regard to paragraph "103" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.  However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

104. With regard to paragraph "104" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.  However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

105. With regard to paragraph "105" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law.  However, to the extent a

response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

106. With regard to paragraph "106" of plaintiff's verified complaint, answering defendants state that they are not required to respond to statutory text that speaks for itself nor are they required to respond to legal conclusions and questions of law. However, to the extent a response is required, answering defendants deny the matters asserted in this paragraph and refer all questions of law to this Honorable Court.

## SIXTH CLAIM FOR RELIEF

107. With regard to paragraph "107" of plaintiff's verified complaint, the answering defendants repeat and reiterate each response to the allegations contained in the paragraphs of the verified complaint with the same force and effect as previously set forth at length.

108. Deny the allegations contained in paragraph "108" of plaintiff's verified complaint.

109. Deny the allegations contained in paragraph "109" of plaintiff's verified complaint.

110. Deny the allegations contained in paragraph "110" of plaintiff's verified complaint.

111. Deny the allegations contained in paragraph "111" of plaintiff's verified complaint.

112. Deny the allegations contained in paragraph "112" of plaintiff's verified complaint.

113. Deny the allegations contained in paragraph "113" of plaintiff's verified complaint.

114. Deny the allegations contained in paragraph "114" of plaintiff's verified complaint.

115. Deny the allegations contained in paragraph "115" of plaintiff's verified complaint.

116. Deny the allegations contained in paragraph "116" of plaintiff's verified complaint.

117. Deny the allegations contained in paragraph "117" of plaintiff's verified complaint.

118. Deny the allegations contained in paragraph "118" of plaintiff's verified complaint.

## SEVENTH CLAIM FOR RELIEF

119. With regard to paragraph "119" of plaintiff's verified complaint, the answering defendants repeat and reiterate each response to the allegations contained in the paragraphs of the verified complaint with the same force and effect as previously set forth at length.

120. Deny the allegations contained in paragraph "120" of plaintiff's verified complaint.

121. Deny the allegations contained in paragraph "121" of plaintiff's verified complaint.

122. Deny the allegations contained in paragraph "122" of plaintiff's verified complaint.

123. Deny the allegations contained in paragraph "123" of plaintiff's verified complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a cause of action or claim upon which relief may be granted as a matter of fact and law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Any acts or omissions by Defendants were in good faith, and Defendants had reasonable grounds for believing that any such acts or omissions were not in violation of the New York Labor Law ("NYLL").

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

All damages allegedly sustained by the Plaintiff as set forth in the Complaint were caused in whole or in part by the culpable conduct, negligence or lack of care on the part of the Plaintiff and, as such, all claims asserted by the Plaintiff should be dismissed.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, the Plaintiff's claims are barred, in whole or in part, and must be dismissed by the applicable statute of limitations, and/or the doctrines of avoidable consequences, waiver, estoppels and/or laches.

13

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has suffered injury, which is denied, that injury is the result of acts or omissions of the Plaintiff and not any act or omission of the Defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

If Defendants are found to have failed to pay any amount due, which Defendants deny, Defendants acted at all times on the basis of a good faith and reasonable belief that their actions were in compliance and conformity with all applicable state and federal laws and/or written administrative regulations, orders, rulings, or interpretations, and therefore Defendants' actions were not willful.

## AS AND FOR SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's monetary claims are barred in whole or in part by his failure to mitigate damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

If Defendants are found to have failed to pay Plaintiff any amount due, which Defendants deny, Defendants are entitled to set off any overpayments or other sums owed by Plaintiff against any judgment.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims as alleged in the Complaint are barred by the doctrines of unclean hands and/or laches.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, pursuant New York law as Defendants acted in good faith and in conformity with and reliance upon administrative regulations, orders, rulings, interpretations and/or administrative practices or enforcement policies of the

14

Administrator of the Wage and Hour Division of the United State Department of Labor and/or of the New York State Department of Labor.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim under New York law upon which either pre-judgment or post-judgment interest, liquidated damages, or attorneys' fees may be awarded.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, pursuant New York law because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions did not violate any New York law, and as such, Defendants assert a lack of willfulness, recklessness, or intent to violate any applicable state law.

## AS A FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for liquidated damages is barred, in whole or in part, because any and all actions taken by Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of Federal or New York law.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because of payment, accord and/or satisfaction to Plaintiff.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has been fully paid for all services furnished and there are no payments due and owing to the Plaintiff.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and precluded, in whole or in part, by Plaintiff's unreasonable failure under the circumstances to exercise reasonable care and avoid, minimize and/or mitigate any damages he may have suffered.  Accordingly, Plaintiff's right to recover against Defendants should be reduced and/or eliminated due to such failure.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to the benefit of all legal and equitable limitations and/or reductions imposed by statute or otherwise on any award of damages, costs, fees and/or disbursements to the Plaintiff.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, to the extent that the work he performed falls within exemptions, exclusions, exceptions, offsets or credits under the NYLL.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Defendants presently have insufficient knowledge or information upon which a belief can be formed as to whether the Defendants may have additional, but yet unknown and unstated, affirmative defenses.  Defendants reserve the right to amend their answer to assert such additional affirmative defenses in the event that discovery reveals that additional defenses are appropriate.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for relief for alleged FLSA violations by the Defendants fail given that Plaintiff's salary exceeded $200,000 per year and Plaintiff was a highly-compensated employee who is exempt from FLSA requirements.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief for alleged NYLL violations by the Defendants fail given that Plaintiff's salary exceeded $200,000 per year and Plaintiff was a highly-compensated employee who is exempt from NYLL requirements.

**WHEREFORE,** the allegations in paragraphs "A" through "L" on pages 16 and 17 of the verified complaint are demands for judgment and relief to which no responses are required; however, to the extent a response is required, these answering defendants deny that plaintiff is entitled to judgment or any relief whatsoever.

## AS AND FOR DEFENDANTS' COUNTER-CLAIMS AGAINST PLAINTIFF TILCHEN

## JURISDICTION AND VENUE

1.     Plaintiff Tilchen asserted jurisdiction by this Court based upon 29 U.S.C. §201, *et seq.*, and 28 U.S.C. §§1331 and 1337.  (Plaintiff's Complaint at ¶8.)

2.     This honorable Court has pendant jurisdiction to adjudicate any state claims which arise out of the same facts as the federal claims asserted by Plaintiff.

3.     Pursuant to 28 U.S.C. §1367, the doctrine of supplemental jurisdiction, this honorable Court maintains jurisdiction over claims that arise under New York law, as well as for claims that arise under other corresponding statutes, regulations, rules, and ordinances.

4.     Venue is properly laid in the United States District Court for the Southern District of New York as authorized by 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

5.      During the course of his employment with CEMD, Tilchen worked as a highly-compensated salesperson with the understanding and appreciation that the relationship between the parties was a confidential one, particularly with regard to his duty of loyalty to CEMD.

6.      Tilchen's annual salary was in excess of $200,000 per year while employed by CEMD.

7.      While employed by CEMD, Tilchen was authorized and did execute service agreements for CEMD's clients, on behalf of CEMD.

8.      Tilchen terminated his employment with CEMD and/or Kone, Inc. in and around December 2016.

9.      Upon information and belief, Tilchen tortuously interfered with CEMD's contracts with its customers by convincing them to break their contract with CEMD and enter into new contracts with another elevator service company.

*2012 Contracts*

10.      On or about April 26, 2012 and May 2, 2012, CEMD entered into service contracts to service the elevator equipment at the premises located at: 176 Duane Street, New York, New York, 119 Chambers Street, New York, New York, and 8 Thomas Street, New York, New York (the "2012 Contracts").

11.      The 2012 Contracts took effect on June 1, 2012, and were for a term of five years, and would automatically renew on June 1, 2017, unless either party cancelled thirty days before the initial term expired.

12.      Tilchen negotiated and executed the 2012 Contracts on behalf of CEMD.

18

13.     Under the 2012 Contracts, each building owner was required to pay CEMD the initial amount of $500.00 per month, which amount was subject to an annual increase.

14.     CEMD performed its obligations under the 2012 Contracts, and was ready, willing, and able to continue to perform its obligations under the 2012 Contracts through the initial term, and thereafter upon the automatic renewal of these agreements.

15.     On or about January 31, 2017, approximately six (6) months prior to their expiration, the managing agents and owners of the three properties breached their obligations under the 2012 Contracts, terminated the agreements effective immediately, and refused to pay the monthly service fee for the remainder of the 2012 Contracts' terms.

16.     Upon information and belief, Keystone Elevator New York ("Keystone"), a company in which Tilchen is a principal, replaced CEMD and is now contracted to service the elevator equipment at the three properties.

17.     Upon information and belief, Tilchen intentionally and improperly procured the breach of the 2012 Contracts, for his own personal benefit.

18.     CEMD has been damaged as a result of the tortious interference of the 2012 Contracts, having lost the opportunity to make substantial profits from the agreements, in an amount in excess of $57,000.00.

*Guild Contracts*

19.     On or about May 12, 2016, CEMD entered into two service contracts with the Guild for Exceptional Children to service the elevator equipment at the premises located at: 260 68th Street, Brooklyn, New York and 1273 57th Street, Brooklyn, New York (the "Guild Contracts").

20.     The Guild Contracts took effect on June 1, 2016, and were for a term of five years, and would automatically renew on June 1, 2021, unless either party cancelled thirty days before the initial term expired.

21.     Under the Guild Contracts, the Guild for Exceptional Children was required to pay CEMD, the initial amount of $400.00 per month for each contract, which amount was subject to an annual increase.

22.     CEMD performed its obligations under the Guild Contracts, and was ready, willing, and able to continue to perform its obligations under the Guild Contracts through the initial term, and thereafter upon the automatic renewal of these agreements.

23.     On or about February 13, 2017, Joseph L. Riley, Associate Executive Director, served a notice of termination, and breached its obligations under the Guild Contracts by terminating the Guild Contracts before the expiration of the initial term, and failing to pay the monthly service fee for the remainder of the Guild Contracts' terms.

24.     Upon information and belief, Keystone, a company in which Tilchen is a principal, replaced CEMD and is now contracted to service the elevator equipment at the properties serviced under the Guild Contracts.

25.     Upon information and belief, Tilchen intentionally and improperly procured the breach of the Guild Contracts, for his own personal benefit, and tortuously interfered with CEMD's contracts.

26.     CEMD has been damaged as a result of the tortious interference with the Guild Contracts, having lost the opportunity to make a substantial profit from the agreements, in an amount in excess of $26,500.

*Greenwich Contract*

27.     On or about February 20, 2013, CEMD entered into a service contract with Greenwich Corp. to service the elevator equipment at the premises located at: 822 Greenwich Street, New York, New York (the "Greenwich Contract").

28.     The Greenwich Contract took effect on May 1, 2013, and was for a term of five years, and would automatically renew on May 1, 2018, unless either party cancelled thirty days before the initial term expired.

29.     Under the Greenwich Contract, Greenwich Corp. was obligated to pay CEMD the initial amount of $475.00 per month, which amount was subject to an annual increase.

30.     CEMD performed its obligations under the Greenwich Contract, and was ready, willing, and able to continue to perform its obligations under the Greenwich Contract through the initial term, and thereafter upon the automatic renewal of the agreement.

31.     On or about January 31, 2017, Greenwich Corp. breached its obligation under the Greenwich Contract by terminating the contract before the expiration of the initial five (5) year term.

32.     Upon information and belief, Keystone, a company in which Tilchen is a principal, replaced CEMD and is now contracted to service the elevator equipment at the property serviced under the Greenwich Contract.

33.     Upon information and belief, Tilchen intentionally and improperly procured the breach of the Greenwich Contract, for his own personal benefit, and tortuously interfered with CEMD's contract with Greenwich Corp.

34.     CEMD has been damaged as a result of the tortious interference of the Greenwich Contract, in an amount in excess of $15,770, having lost the opportunity to make substantial profits from the agreement, in an amount to be determined at trial.

35.     On or about September 1, 2016, the 2012 Contracts, Guild Contracts, and Greenwich Contracts, together with CEMD's other assets were sold to Kone, Inc. as part of an asset sale.

36.     Pursuant to the terms of the asset sale between CEMD and Kone, Inc., the purchase price for the assets would be reduced by the amount of 33.2 times the monthly billable rate for any service contracts terminated within the first year of the sale.

37.     As a result of Tilchen's wrongful conduct detailed above, and other conduct undertaken for his own personal gain, CEMD has been damaged having lost the value of these contracts in the purchase price of the asset sale.

38.     Tilchen engaged in the aforementioned wrongful conduct and other conduct for the purpose of personal gain.

39.     Tilchen actively and knowingly, wrongfully interfered with CEMD's existing business relationships with one or more of its clients for the purpose of personal gain for himself causing substantial injury to CEMD.

**FIRST CAUSE OF ACTION**
**TORTIOUS INTERFERENCE WITH CONTRACT**

40.      Defendants incorporate the allegations made in Paragraphs 1 through 39 above as if stated herein in their entirety.

41.     At all times mentioned, one or more binding contracts existed between CEMD and its customers, including the 2012 Contracts, the Guild Contracts and the Greenwich Contract.

42.     Plaintiff Tilchen knew of the existence of such contracts, having executed the 2012 Contracts, Guild Contracts, Greenwich Contract, and other service agreements on behalf of CEMD.

43.     Plaintiff Tilchen intentionally and, with malice towards CEMD, induced CEMD's customers to breach their contractual obligations owed to CEMD.

44.     As a result of the breaches, Defendants have incurred and continue to incur damages, which include, but are not limited to, pecuniary loss and the loss of opportunities to make substantial profits from the contracts.

45.     Plaintiff Tilchen is therefore liable for the tort of tortuous interference with contracts.

46.     Because Plaintiff Tilchen's conduct was knowing, willful, intentional, wanton, or in reckless disregard of Defendant's interests, Plaintiff Tilchen is also liable for punitive damages.

## PRAYER OF RELIEF FOR COUNTER-CLAIMS

**WHEREFORE**, the Defendants seeks judgment on each of its causes of action/counter-claims against Plaintiff Steven Tilchen as follows:

A.  Compensatory damages (consisting of general and special damages) in an amount in excess of $99,270 and to be proven at trial;

B.  An award of punitive damages;

C.  Injunctive Relief;

D.  Reasonable attorneys' fees;

E.  Reasonable costs incurred herein; and

F.  Such other and further relief as justice may require.

## **JURY DEMAND**

Defendants hereby demand a trial of their claims against Plaintiff by jury.

Dated:      Uniondale, New York
            April 7, 2017

                                    Yours, etc.,

                                    FORCHELLI, CURTO, DEEGAN,
                                    SCHWARTZ, MINEO & TERRANA, LLP


                                    By: _____/s/_____
                                          ELBERT F. NASIS, ESQ.
                                          GREGORY S. LISI, ESQ.
                                    Attorneys for the Defendants, *CEMD Elevator*
                                    *Corp. d/b/a City Elevator and Mitchell Hellman*
                                    333 Earle Ovington Boulevard, Suite 1010
                                    Uniondale, New York 11553
                                    Phone: (516) 248-1700
                                    Fax:    (516) 248-1729
                                    E-Mails: enasis@forchellilaw.com
                                             glisi@forchellilaw.com

24