UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x    Case No.: 1:17-CV-00051
STEVEN TILCHEN,

                        Plaintiff,

          v.                               **STIPULATION AND ORDER OF**
                                            **CONFIDENTIALITY**

CEMD ELEVATOR CORP. d/b/a CITY ELEVATOR,
MITCHELL HELLMAN, STEPHAN DIEMER, CARL
ALONGIS and KONE, INC.,

                       Defendants.
-----------------------------------------------------------------x

## STIPULATION AND ORDER OF CONFIDENTIALITY

    WHEREAS, plaintiff STEVEN TILCHEN and defendants CEMD ELEVATOR CORP.

d/b/a CITY ELEVATOR, MITCHELL HELLMAN, STEPHAN DIEMER, CARL ALONGIS

and KONE INC. (collectively, "the parties") are presently engaged in discovery; and

    WHEREAS, some information sought by the parties or contained in documents sought by

the parties is of a confidential nature; and

    WHEREAS, the purpose of this Stipulation and Order of Confidentiality ("Stipulation")

is to permit the parties to discover such information and documents pursuant to procedures

designed to protect and preserve the confidentiality of that material;

    IT IS HEREBY STIPULATED AND AGREED by the parties through their undersigned

counsel that the following provisions shall govern the treatment of documents and information

(including information conveyed by the parties or their counsel in any communication, whether

written or oral) provided in connection with this case:

    1.    The parties may designate as "Confidential" any information that either party, in

good faith, believes contains or discloses confidential information, such as non-public,

sensitive, medical or financial information; personal, sensitive information concerning

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/17

individuals who are not parties to this action; information relating to defendants CEMD d/b/a City Elevator and KONE Inc.'s customers, clients, sub-contractors, and vendors including, but not limited to, customer lists, customers' contact information, pricing information and service information, and attorney-client privileged communications and/or attorney work-product ("Confidential Information"). If written, the parties may designate Confidential Information by stamping each page containing such information with the legend "Confidential" at the time of production, and/or redacting the confidential portions of a document, and providing a corresponding Redaction Log explaining the basis for such redaction. Documents produced by the parties prior to the execution of this Stipulation marked "Confidential" shall be treated as Confidential Information. Moreover, documents produced by the parties prior to the execution of this Stipulation not marked "Confidential" may be designated Confidential Information by written notice. In the case of testimony, or other Confidential Information disclosed during the course of the case, whether on the record or in communications between counsel, the parties may designate such information as Confidential by stating on the record that such testimony shall be Confidential, and/or by designating the material Confidential in a written notice.

2. Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and for no other purpose. Any document designated "Confidential," as well as the information contained in such document, may continue to be used by the party which owns the information or document in connection with the owner's business, as it deems necessary. Use or disclosure of a document previously designated as "Confidential" by the owner of such document shall not constitute a waiver of the "Confidential" designation.

3.     Inadvertent failure to designate material as Confidential shall not be deemed a waiver of any claim of confidentiality, and may be corrected by written notice.  It is not a violation of this Stipulation to have disclosed information not previously designated as Confidential that is subsequently designated as Confidential by written notice.

4.     Any copy or reproduction of documents containing Confidential Information, or documents that otherwise refer to Confidential Information, also shall be treated as Confidential in accordance with the provisions of this Stipulation.

5.     Except with the prior written consent of the producing party or prior order of the Court, Confidential Information may be disclosed by the receiving party only to the persons described in Paragraphs (a) through (f) below:

    a.  the parties;

    b.  counsel of record in this case (together with their legal assistants and clerical staff);

    c.  The United States District Court, Southern District of New York (and any appellate court);

    d.  the court reporter(s) employed in this action; and

    e.  witnesses reasonably believed to be relevant to the case, including consulting and testifying experts and expert witnesses, provided that documents shown to such witnesses are limited to those reasonably believed to be relevant to the witnesses' involvement in the case, and that such witnesses agree to return or destroy all copies of any document containing Confidential Information.

6.     Before any person listed in paragraph (e) is provided access to Confidential Information, the lawyer shall make such person aware of his or her obligations under this

Stipulation by providing a copy of this Stipulation to be read and signed.  The parties agree that an oral representation from a testifying witness while under oath that he or she will maintain the confidentiality of documents designated as Confidential shall be sufficient to satisfy this provision.

      7.     For all information designated as Confidential, counsel for the parties agrees to:

      a.  keep such information within their exclusive possession and control, except when Confidential Information is in actual use by a person authorized pursuant to this Stipulation;

      b.  maintain and control Confidential Information in such a manner as to prevent the disclosure of its contents to persons not so authorized by this Stipulation or to prevent an unauthorized use or dissemination of the information by persons otherwise authorized to see the information; and

      c.  take reasonable steps to ensure that any such Confidential Information used by persons pursuant to this Stipulation be returned to counsel or destroyed as soon as the information is no longer necessary to that person's participation in the case. Notwithstanding the foregoing, counsel for the parties shall be allowed to retain Confidential Information contained in correspondence, pleadings, court filings, exhibits, drafts, work product, and transcripts generated for the purposes of this action under the terms and conditions set forth in this Stipulation.

      8.     This Stipulation shall not be construed as a waiver by either party of any objections to the production of documents, or of any privilege recognized by law.

      9.     Any party, at any time during the pendency of this action, may challenge the Confidential designation of any document or information.  Before seeking intervention from the

Court, however, the parties will attempt to resolve any challenge in good faith. The parties have forty-eight hours after the challenge of the designation to have a good faith discussion. If no agreement between the parties is reached, the challenging party may apply to the Court for a ruling.   Pending a ruling by the Court, the material at issue shall retain the Confidential designation and remain subject to the restrictions of this Stipulation.

10.     The Court shall have the power to enforce this Stipulation.

11.     Should any document or information provided pursuant to this Stipulation be disclosed, released, or used for any purpose in violation of the terms or intent of this Stipulation, the parties will be entitled to apply to the Court for declaratory or injunctive relief, in addition to any remedy available at law, to redress violations of the terms thereof.

12.     If Confidential Information designated in accordance with the procedures of this Stipulation is disclosed to any person other than in the manner authorized by this Stipulation, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record, and, without prejudice to other rights and remedies of the provider, make every reasonable effort including but not limited to seeking judicial intervention at its sole cost to prevent further disclosure by the party or the recipient of such information.

13.     This Stipulation may be modified by subsequent agreement of the parties, but only in a written agreement signed by the parties or their counsel.

14.     The foregoing is agreed to without prejudice to the right of any party hereto to apply to the Court for a lesser or further protective order relating to any document and/or information provided pursuant to this Stipulation, or to take any other steps reasonably necessary to safeguard Confidential Information.

15.    The provisions and terms of this Stipulation shall not terminate at the conclusion of this proceeding.

16.    This Stipulation may be executed in counterparts, all of which shall be considered the same as if a single document had been executed, and shall become effective when such counterparts have been signed by the parties' counsel and delivered to the undersigned representatives of each of the parties. For purposes of this agreement, electronic signatures shall be treated as the original.

17.    This Stipulation shall be interpreted under and governed by the laws of state of New York without regard to general principles of choice of law which might otherwise call for the application of a different state's law.

Dated: November 13, 2017

CERTILMAN BALIN ADLER & HYMAN, LLP

FORCHELLI, CURTO, DEEGAN, SCHWARTZ, MINEO & TERRANA, LLP


By:    /s/_____
          Douglas E. Rowe, Esq.
          Paul A. Pagano, Esq.
          *Attorneys for Plaintiff*
          90 Merrick Avenue, 9th Fl.
          East Meadow, New York 11554
          Tel.: (516) 296-7000

By: /s/_____
          Elbert F. Nasis, Esq.
          Lisa M. Casa, Esq.
          *Attorneys for CEMD Defendants*
          333 Earle Ovington Blvd, Suite 1010
          Uniondale, New York 11553
          Tel.: (516) 248-1700


DYKEMA GOSSETT, PLLC

**SO ORDERED:**


By:    /s/_____
          Stephen S. Muhich, Esq.
          Elisa J. Lintemuth, Esq.
          *Attorneys for Kone Inc.*
          300 Ottawa Ave, NW, Ste. 700
          Grand Rapids, Michigan 49503
          Tel: (616) 776-7532

_____
**Hon. Paul A. Crotty,**
**United States District Judge**

Dated: ____Nov 30,____, 2017