UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
STEVEN TILCHEN,

                                                                   Case No. 1:17-cv-00051

                                    Plaintiff,

            -against-

CEMD ELEVATOR CORP. d/b/a CITY ELEVATOR,
MITCHELL HELLMAN, STEPHAN DIEMER, CARL
ALONGIS, and KONE, INC.,

                                                Defendants.
----------------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO AMEND THE SECOND AMENDED COMPLAINT

 

FORCHELLI DEEGAN TERRANA LLP
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553
(516) 248-1700
*Attorneys for Defendants, CEMD Elevator Corp. d/b/a City Elevator, Mitchell Hellman, Stephan Diemer and Carl Alongis*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii, iii

PRELIMINARY STATEMENT ................................................................................................ 1

STANDARD OF REVIEW ........................................................................................................ 2

ARGUMENT .............................................................................................................................. 2

    I.      The post-discovery amendment is prejudicial to Defendants. ........................................ 2

    II.     Permitting the amendment would be futile. ................................................................... 4

          A.  The allegations in the Proposed Third Amended Complaint do not support the existence of an enforceable agreement. ................................................................. 4

          B.  In any event, an oral agreement of this nature would be barred by the Statute of Frauds. ................................................................................................................ 8

CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Abernathy-Thomas Eng'g Co. v. Pall Corp.*, 103 F. Supp. 2d 582 (E.D.N.Y. 2000) ...................... 9

*Bryant v. Silverman*, 284 F. Supp. 3d 458 (S.D.N.Y. 2018)............................................................ 4

*Carruthers v. Flaum*, 450 F. Supp. 2d 288 (S.D.N.Y. 2006) ......................................................... 5

*Cooper Square Realty, Inc. v. A.R.S. Mgmt., Ltd.*, 181 A.D.2d 551 (1st Dep't 1992) ................... 6

*GEM Advisors, Inc. v. Corporacion Sidenor, S.A.*, 667 F. Supp. 2d 308 (S.D.N.Y. 2009) ........... 5

*Georgiadis v. First Boston Corp.*, No. 90 CIV. 7672 (PKL), 1993 WL 22122 (S.D.N.Y. Jan. 26, 1993)............................................................................................................................................. 7

*Greer v. Mehiel*, No. 15-CV-6119 (AJN), 2018 WL 1626345 (S.D.N.Y. Mar. 29, 2018)............. 4

*Gutkowski v. Steinbrenner*, 680 F. Supp. 2d 602 (S.D.N.Y. 2010) ........................................... 5, 6

*Henneberry v. Sumitomo Corp. of Am.*, 415 F. Supp. 2d 423 (S.D.N.Y. 2006) ............................ 2

*I.M. Oberman Assocs., Inc. v. Republic Fin. Servs., Inc.*, No. 92 CIV. 1843 (MBM), 1992 WL 370416 (S.D.N.Y. Dec. 7, 1992)...................................................................................................... 9

*Komlossy v. Faruqi & Faruqi, LLP*, No. 15 CIV. 9316 (KPF), 2017 WL 722033 (S.D.N.Y. Feb. 23, 2017), *aff'd,* 714 F. App'x 11 (2d Cir. 2017)........................................................................ 8

*Levine v. Zadro Prod., Inc.*, No. 02 CIV.2838 GBD, 2003 WL 21344550 (S.D.N.Y. June 9, 2003)............................................................................................................................................. 9

*Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243 (2d Cir. 2002).............................................. 4

*Lyondell-Citgo Ref., LP v. Petroleos De Venezuela S.A.*, No. 02 CIV.0795 CBM AJP, 2004 WL 2650884 (S.D.N.Y. Nov. 22, 2004), *aff'd sub nom. Lyondell-Citgo Ref., L.P. v. Petroleos De Venezuela, S.A.*, No. 02 CIV. 0795 (CBM), 2005 WL 883485 (S.D.N.Y. Apr. 14, 2005)......... 3

*Madison Capital Markets, LLC v. Starneth Europe B.V.*, No. 15 CIV. 7213, 2016 WL 4484251 (S.D.N.Y. Aug. 23, 2016) ............................................................................................................ 9

*Major League Baseball Props., Inc. v. Opening Day Prods., Inc.*, 385 F. Supp. 2d 256 (S.D.N.Y. 2005)............................................................................................................................................. 5

*Marciano v. Crowley*, No. 08-CV-305-JTC, 2009 WL 3165871 (W.D.N.Y. Sept. 28, 2009)....... 8

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184 (2d Cir. 2007) ............................................ 2

*Mercator Corp. v. Windhorst*, 159 F. Supp. 3d 463 (S.D.N.Y. 2016)......................................... 10

*Nasso v. Bio Reference Labs., Inc.*, 892 F. Supp. 2d 439 (E.D.N.Y. 2012) .................................. 8

*Seemann v. Coastal Envtl. Grp., Inc.*, 219 F. Supp. 3d 362 (E.D.N.Y. 2016) ............................... 6

*Teutul v. Teutul*, 79 A.D.3d 851 (2d Dep't 2010) ......................................................................... 7

*Vian v. Carey*, No. 92 CIV. 0485 (MBM), 1993 WL 138837 (S.D.N.Y. Apr. 26, 1993) .............. 5

*Winkler v. Friedman*, No. 12-CV-3893, 2013 WL 3226763 (E.D.N.Y. June 25, 2013) ................ 9

**Statutes**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 4

Fed. R. Civ. P. 15(a) ...................................................................................................................... 2

New York General Obligations Law § 5-701(a)(1) ........................................................................ 8

New York General Obligations Law § 5-701(a)(10) ...................................................................... 9

**PRELIMINARY STATEMENT**

Plaintiff Steven Tilchen ("Plaintiff") is only now, after the close of discovery, seeking leave to file a third amended complaint ("Proposed Third Amended Complaint")[1] in order to assert, for the very first time, a breach of contract claim against defendants CEMD Elevator Corp. d/b/a City Elevator, Mitchell Hellman, Stephan Diemer and Carl Alongis (collectively, "Defendants") arising from Defendants' alleged breach of an agreement to pay Plaintiff commissions.

Plaintiff gives no excuse for this delay in amending his pleadings yet again. Rather, Plaintiff readily admits that this cause of action could have been asserted earlier – including in any of the three prior iterations of Plaintiff's complaint filed in this matter. Instead, in an effort to now delay the filing of dispositive motions and further delay the dismissal of this matter, Plaintiff seeks to file this most recent amended complaint. Given the multiple opportunities Plaintiff has had to state his claims, Plaintiff should be denied leave to further amend his complaint.

In addition, the granting of leave to amend would be futile because Plaintiff fails to allege in the Proposed Third Amended Complaint that all necessary and material terms of such a contract were specified and agreed to so as to adequately allege the existence of an enforceable contract. While Plaintiff annexes extensive extrinsic evidence and deposition transcripts in apparent support of this newly proposed cause of action, none of these records are mentioned or incorporated by reference in Plaintiff's Proposed Third Amended Complaint. Therefore, such extrinsic evidence cannot be considered by this Court when considering the merits of the Proposed Third Amended Complaint. Furthermore, even to the extent this extrinsic evidence is

---

[1] The Proposed Third Amended Complaint is annexed as Exhibit D to the Douglas E. Rowe Declaration ("Rowe Dec.") (ECF No. 75).

considered, such extrinsic evidence still fails to support the existence of an enforceable and binding contract providing for the payment of commissions.  Moreover, because of the alleged absence of a written agreement memorializing the manner in which Plaintiff was allegedly to be paid commissions, such a claim is further barred by the Statute of Frauds.  Accordingly, Plaintiff's motion seeking leave to amend should be denied.

## STANDARD OF REVIEW

Fed. R. Civ. P. 15(a) "allows a litigant to amend a pleading by leave of court." *Henneberry v. Sumitomo Corp. of Am.*, 415 F. Supp. 2d 423, 433 (S.D.N.Y. 2006). However, when the district court determines that "there has been undue delay or bad faith on the moving party's part, prejudice to the non-movant, or where leave would be futile", the proposed amendment should be denied. *Id.* at 436; *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.").

## ARGUMENT

### I.     The post-discovery amendment is prejudicial to Defendants.

Plaintiff was admittedly aware of his alleged breach of contract claim when he filed his initial complaint in this action.  *See* Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Amend Plaintiff's Second Amended Complaint (ECF No. 78) at p. 4.  However, rather than raise this claim in his initial complaint, or in his two subsequent amended complaints, Plaintiff instead waited until the close of discovery to seek leave to file a *third* amended complaint to assert this entirely new cause of action for breach of a purported oral contract – and has given no excuse for this delay.  *See, e.g.,* Proposed Third Amended Complaint ¶¶ 5, 83, 167 (alleging that there was not a written commission agreement from Defendants, but that plaintiff and Defendants "entered into an agreement pursuant to which, *inter alia*, Plaintiff was to be paid

commissions . . .", thus implying that this alleged agreement that was allegedly breached was an oral agreement).

While delay in seeking to amend a pleading is generally not, in and of itself, a reason to deny a motion to amend, Courts have denied such motions "when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay." *Lyondell-Citgo Ref., LP v. Petroleos De Venezuela S.A.*, No. 02 CIV.0795 CBM AJP, 2004 WL 2650884, at *1 (S.D.N.Y. Nov. 22, 2004), *aff'd sub nom. Lyondell-Citgo Ref., L.P. v. Petroleos De Venezuela, S.A.*, No. 02 CIV. 0795 (CBM), 2005 WL 883485 (S.D.N.Y. Apr. 14, 2005).

Although Plaintiff alleges that there is no prejudice, this is based on the flawed reasoning that Plaintiff's breach of contract claim is predicated on a note annexed to the Rowe Dec. as Exhibit B.  However, this purported written "Commission Agreement" (a self-serving defined term given by Plaintiff to this document) is not referenced in the Proposed Third Amended Complaint.  Instead, the Proposed Third Amended Complaint repeatedly alleges that the parties did not have any written agreement providing for the payment of commissions. *See, e.g.,* Proposed Third Amended Complaint ¶¶ 5, 83, 95, 96.  Accordingly, the discovery regarding this note would not be pertinent to this proposed breach of contract claim that allegedly arises from a purported oral agreement.

Indeed, Defendants are left guessing as to the facts underlying Plaintiff's proposed breach of contract claim as there is nothing in the Proposed Third Amended Complaint that alludes to the critical and material terms of the parties' putative oral agreement.  Additionally, to the extent this late amendment is now granted, Defendants would be deprived of the opportunity to determine the material terms of the parties' putative oral agreement because discovery is now

3

closed.  Therefore, contrary to Plaintiff's flawed assertions that Defendants will not be prejudiced by the proposed amendment, prejudice will in fact flow from the granting of this motion to amend.  *See Greer v. Mehiel*, No. 15-CV-6119 (AJN), 2018 WL 1626345, at *9 (S.D.N.Y. Mar. 29, 2018) (denying plaintiff's motion seeking leave to amend where, among other things, plaintiff had already amended his complaint twice and discovery had been completed. "To allow Plaintiff to amend his complaint now would unduly delay this litigation.").  Accordingly, Plaintiff's motion should be denied.

**II.    Permitting the amendment would be futile.**

In addition to the prejudice that would flow from the granting of leave to file the Proposed Third Amended Complaint, the granting of leave would also be futile because Plaintiff has failed to state a cause of action for breach of contract that could withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." (citation omitted)); *Bryant v. Silverman*, 284 F. Supp. 3d 458, 467-68 (S.D.N.Y. 2018) ("A proposed amended complaint is futile when it fails to state a claim.").

**A. The allegations in the Proposed Third Amended Complaint do not support the existence of an enforceable agreement.**

As the basis for this newly proposed breach of contract claim, Plaintiff alleges in his Proposed Third Amended Complaint that he and Defendants entered into an agreement in which Plaintiff would be paid commissions for selling elevator repairs, maintenance, modernization and new installation contracts for Defendants and that Defendants failed to pay these commissions.  *See* Proposed Third Amended Complaint ¶¶ 166-170.  However, Plaintiff does not allege that the parties ever agreed to a precise commission percentage that would be applicable for such sales.

Instead, Plaintiff alleges that the commission would be "at varying rates between 1% and 8%", with also "a profit sharing plan". *See id.* ¶ 82. The absence of such agreed-upon material terms makes this alleged agreement too indefinite to be enforceable as it is impossible to determine the amount that could be due Plaintiff.

Under New York law, a contract must be sufficiently "definite" to be enforceable. *See, e.g., Gutkowski v. Steinbrenner*, 680 F. Supp. 2d 602, 609 (S.D.N.Y. 2010). "The doctrine of definiteness or certainty is well established in contract law. In short, it means that a court cannot enforce a contract unless it is able to determine what in fact the parties have agreed to . . .. [I]f an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract." *Id.* (citations and internal quotation marks omitted); *see also Carruthers v. Flaum*, 450 F. Supp. 2d 288, 309 (S.D.N.Y. 2006) ("If the parties have not reached a final agreement on the fundamental terms of the deal [including the consideration] no contract has been formed."); *Vian v. Carey*, No. 92 CIV. 0485 (MBM), 1993 WL 138837, at *2 (S.D.N.Y. Apr. 26, 1993) ("It is well settled that for a contract to be valid, the agreement between the parties must be definite and explicit so their intention may be ascertained to a reasonable degree of certainty." (citation omitted)).

The amount of compensation to be paid is considered a material term in a contract that requires definiteness. *Major League Baseball Props., Inc. v. Opening Day Prods., Inc.*, 385 F. Supp. 2d 256, 271 (S.D.N.Y. 2005) ("Price or compensation are material terms in a contract requiring definiteness."); *see also GEM Advisors, Inc. v. Corporacion Sidenor, S.A.*, 667 F. Supp. 2d 308, 326-27 (S.D.N.Y. 2009) ("The provision contains no methodology, formula, or external measure by which the Court might objectively determine the compensation to be paid . .

.. Accordingly, Plaintiff's claims under the October 4, 2002 agreement are dismissed." (citations omitted)).

Thus, even construing the allegations in the light most favorable to Plaintiff, the parties never agreed to a precise commission rate applicable for each specific type of sold contract, and never agreed to the terms of the alleged "profit sharing plan".  It is therefore impossible to objectively fix the amount that could be due to Plaintiff.  Accordingly, there can be no breach of contract claim because there is no enforceable contract. *See Cooper Square Realty, Inc. v. A.R.S. Mgmt., Ltd.*, 181 A.D.2d 551, 551-52 (1st Dep't 1992) ("As no objective method or formula was provided for determining a commission, the exclusive sales contract was merely an agreement to agree and was unenforceable." (citing *Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher*, 52 N.Y.2d 105 (1981))); *see also Gutkowski*, 680 F. Supp. 2d at 610 (dismissing claim of breach of purported oral contract where compensation term is not alleged and not the product of agreement to refer to alternative measures). Here, Plaintiff does not, because he cannot, specify or otherwise plead such material terms in his Proposed Third Amended Complaint.

While Plaintiff references and includes a number of documents and his own declaration in an improper attempt to supplement the proposed pleading itself, none of this extrinsic evidence can be considered by this Court when determining whether to permit the amendment as none of it is included or incorporated by referenced in the proposed pleading. *See, e.g., Seemann v. Coastal Envtl. Grp., Inc.*, 219 F. Supp. 3d 362, 367 (E.D.N.Y. 2016) ("The Court declines to consider the contract in deciding the Plaintiff's motion to amend. In deciding a motion to amend, the Court accepts the factual allegations in the PAC as true, and does not consider any exhibits outside of those included or incorporated by reference in the complaint or the PAC." (citations omitted)).  Instead, as discussed *supra*, while Plaintiff's motion papers allude that the note

annexed to the Rowe Dec. as Exhibit B is a purported "Commission Agreement" that serves as the basis for this newly-asserted breach of contract cause of action, this supposition is directly contradicted by the allegations in the Proposed Third Amended Complaint itself that no written commission agreement exists.  *See, e.g.*, Proposed Third Amended Complaint ¶¶ 5, 83.

Even to the extent that the Court considers the note annexed to the Rowe Declaration as evidence of the terms of the purported oral agreement, this will not salvage the futility of Plaintiff's proposed amendment.  The note annexed to the Rowe Declaration refers to a commission schedule that is premised on the length of the sold contract being "up to sales plan" and "over plan".  *See* Rowe Dec. Exhibit B. However, there is no allegation in the Proposed Third Amended Complaint that mentions the existence of a "sales plan", much less that the parties ever agreed to the terms of a purported "sales plan".[2]  Accordingly, the note, at best, represents a memorandum of intent to later agree on a procedure for determining a potential commission payment, and not a complete and binding agreement that could serve as the basis for a breach of contract claim.  *Teutul v. Teutul*, 79 A.D.3d 851, 853 (2d Dep't 2010) ("Here, the parties merely agreed to later agree on a procedure for determining fair market value, in which case it cannot be said that the parties intended to create a complete and binding contract." (citations and internal quotation marks omitted)); *see also Georgiadis v. First Boston Corp.*, No. 90 CIV. 7672 (PKL), 1993 WL 22122, at *7 (S.D.N.Y. Jan. 26, 1993) (dismissing contract claim where the contract "failed to set any standards that would determine the form or level of compensation due" and "clearly contemplated a further writing concerning the terms of compensation").  Thus, because there was never a binding agreement between the parties that

---

[2] Plaintiff instead acknowledged in his deposition, annexed to the Rowe Dec. as Exhibit I, that he had no idea what the "plan" was and was never given a plan.  *See id.,* Tilchen Dep. 202:3-13.

7

could serve as the basis for a breach of contract claim, Plaintiff's motion seeking leave to assert such a claim should be denied.

### B. In any event, an oral agreement of this nature would be barred by the Statute of Frauds.

Even assuming, *arguendo*, Plaintiff alleged a sufficient basis to establish that an oral agreement was reached between the parties providing for the payment of commissions, such an agreement would be barred by the Statute of Frauds.

More specifically, an agreement of this nature, which is for an indefinite duration and that is based upon one party agreeing to procure customers or accounts or orders on behalf of a second party, "is not by its terms performable within one year" and thus, pursuant to New York General Obligations Law § 5-701(a)(1), must be in writing. *See Nasso v. Bio Reference Labs., Inc.*, 892 F. Supp. 2d 439, 447 (E.D.N.Y. 2012) ("It is well-established under New York law that a service contract of indefinite duration, in which one party agrees to procure customers or accounts or orders on behalf of the second party, is not by its terms performable within a year— and hence must be in writing ...—since performance is dependent, not upon the will of the parties to the contract, but upon that of a third party." (citations and internal quotation marks omitted)); *see also Komlossy v. Faruqi & Faruqi, LLP*, No. 15 CIV. 9316 (KPF), 2017 WL 722033, at *7 (S.D.N.Y. Feb. 23, 2017), *aff'd,* 714 F. App'x 11 (2d Cir. 2017) ("[T]he Firm's commission liability endures beyond Plaintiff's termination and continues indefinitely so long as the Firm earns fees from a client that Plaintiff first generated. The oral Agreement is not fully performable within a year and, so, void under the Statute of Frauds." (citation omitted)); *Marciano v. Crowley*, No. 08-CV-305-JTC, 2009 WL 3165871, at *4 (W.D.N.Y. Sept. 28, 2009) ("Under New York law, a commission sales arrangement . . . that has no specific time frame has repeatedly been held to be one that cannot be performed within one year." (collecting cases));

8

*Levine v. Zadro Prod., Inc.*, No. 02 CIV.2838 GBD, 2003 WL 21344550, at *5 n. 3 (S.D.N.Y. June 9, 2003) ("New York courts have consistently found the Statute of Frauds to apply where such commission agreements are involved." (citations omitted)); *Abernathy-Thomas Eng'g Co. v. Pall Corp.*, 103 F. Supp. 2d 582, 610-11 (E.D.N.Y. 2000) ("Because payment on a commission agreement depends not on the will of the parties to the agreement, but on the contingent action of a third-party, viz., the buyer, New York courts have held that commission agreements that have no specified termination date are agreements that are not capable of performance within one year of their making within the meaning of § 5-701(a)(1).").

In addition, pursuant to New York General Obligations Law § 5-701(a)(10), an agreement "to pay compensation for services rendered in negotiating the . . . sale . . . of a business opportunity, business [or] goodwill" must be in writing. Thus, an agreement providing for a commission in arranging a transaction must be in writing in order to be enforceable. *See, e.g., Madison Capital Markets, LLC v. Starneth Europe B.V.*, No. 15 CIV. 7213, 2016 WL 4484251, at *13 (S.D.N.Y. Aug. 23, 2016) (holding N.Y. Gen. Oblig. Law § 5-701(a)(10) "applies when a plaintiff provides connections, ability, knowledge, know-how, or know-who in bringing about between principals an enterprise of some complexity or an acquisition of a significant interest in an enterprise." (citations and internal quotation marks omitted)); *Winkler v. Friedman*, No. 12-CV-3893, 2013 WL 3226763, at *10 (E.D.N.Y. June 25, 2013) ("[T]he alleged oral agreement to facilitate Winkler's procurement of customers is subject to the Statute of Frauds [pursuant to § 5–701(a)(10) of the New York General Obligations Law] and is unenforceable."); *I.M. Oberman Assocs., Inc. v. Republic Fin. Servs., Inc.*, No. 92 CIV. 1843 (MBM), 1992 WL 370416, at *3 (S.D.N.Y. Dec. 7, 1992) ("agreements to compensate a party

9

for procuring customers fall squarely within the broad language of Section 5–701(a)(10)." (citing *Seven Star Shoe Co. v. Strictly Goodies, Inc.*, 628 F. Supp. 1237, 1240 (S.D.N.Y. 1986))).

Because Plaintiff admits there is no written agreement between the parties, *see* Proposed Third Amended Complaint at ¶¶ 5, 83, and an oral agreement providing for the payment of commissions such as the purported agreement at issue is unenforceable under the Statute of Frauds, *see supra,*[3] Plaintiff cannot state a valid breach of contract claim. Accordingly, granting Plaintiff leave to amend his complaint to assert a breach of contract claim would be futile.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motion seeking leave to file the Proposed Third Amended Complaint should be denied.

Dated:     Uniondale, New York
           May 11, 2018

FORCHELLI DEEGAN TERRANA LLP
*Attorneys for defendants CEMD Elevator Corp. d/b/a City Elevator, Mitchell Hellman, Stephan Diemer and Carl Alongis*

By:     */s/ Danielle B. Gatto*
        Danielle B. Gatto
        333 Earle Ovington Boulevard - Suite 1010
        Uniondale, NY 11553
        (516) 248-1700

---

[3] To the extent that Plaintiff seeks to rely on partial performance to take the purported oral agreement outside the Statute of Frauds, such reliance is misplaced because Plaintiff seeks only money damages without any specific prayer for equitable relief. *See Mercator Corp. v. Windhorst*, 159 F. Supp. 3d 463, 471-72 (S.D.N.Y. 2016) ("Where, as here, the plaintiff seeks only money damages without any specific prayer for equitable relief, the plaintiff cannot rely on the doctrine of part performance to defeat a statute of frauds defense." (citations omitted)).